UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bond No. 7599344

RESEARCH IN MOTION LIMITED

                        Plaintiff,

- against -

MOFTWARE LLC, AMZER, PINAKIN
DINESH, JOHN DOES 1-50; and
XYZ BUSINESSES

                        Defendant

UNDERTAKING OF
TEMPORARY RESTRAINING
ORDER AND
ORDER OF SEIZURE

Index No. 08CV03321

    The above named Plaintiff having applied to one of the judges of this Court for a Temporary Restraining Order and an order to issue an Order of Seizure directing the United States Marshal to seize the Articles described in said application; and

    WHEREAS, Honorable Thomas P. Griesa has directed that the Plaintiff file security in the sum of ONE THOUSAND AND NO/100 Dollars ($1,000.00).

    NOW, THEREFORE, the Fidelity and Deposit Company of Maryland having an office and principal place of business in the State of New York at One Liberty Plaza, New York, NY 10006 hereby, pursuant to the statute in such case made and provided, undertake in the sum of ONE THOUSAND AND NO/100 Dollars ($1,000.00), that the Plaintiff will promptly prosecute this action and will return articles seized pursuant to Order, if they or any of them are adjudged not to be infringements, or if the action abates, or is discontinued before they are returned to any person to whom possession is awarded by the judgment and will pay to any person to whom possession is a awarded by the judgment any damage the Court may award against the Plaintiff by reason of the issuance of said Temporary Restraining Order and/or Order of Seizure all of said damages and costs to be ascertained and determined by the Court, or by a referee appointed by the Court, or by an Order of Inquiry, or otherwise as Court shall direct.

DATED: April 3, 2008

                                          Fidelity and Deposit Company of Maryland

By: _____

                                       David J. Smith, Attorney in Fact

CGB26301NY1198f

## ACKNOWLEDGMENT OF SURETY

STATE OF NEW YORK }
COUNTY OF New York  } ss:

On the 3rd day of April in year 2008 before me personally came David J. Smith to me known, who being by me duly sworn, did depose and say that he/she resides at New York, NY, that he/she is the Attorney-in-Fact of Fidelity and Deposit Company of Maryland, the corporation described in and which executed the above instrument; that he/she knows the corporate seal of said corporation, that the seal affixed to such instrument is such corporate seal: that it was so affixed by order of the Board of Directors of said corporation, and, that he/she signed his/her name thereto by like order; and that said corporation is duly authorized to transact business in the State of New York in pursuance of the statutes of such case made and provided, that the Superintendent of insurance of the State of New York, has, pursuant to Chapter 28 of the Consolidated Laws of the State of New York, known as the Insurance Law, issued to Fidelity and Deposit Company of Maryland a Certificate of Solvency and qualification to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law and that such certificate has not been evoked.

_____
Notary Public

KAREN McMULLIN
Notary Public, State of New York
No. 01MC2634575
Qualified in Queens County
Certificate Filed in New York County
Commission Expires March 30, 2011

## Power of Attorney
### FIDELITY AND DEPOSIT COMPANY OF MARYLAND

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by FRANK E. MARTIN JR., Vice President, and GERALD F. HALEY, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint **David J. SMITH, Lucy WONG, Lourdes SCHEEL, Kevin TAUNTON, Eleanor SMITH and Peter M. QUINN, all of New York, New York, EACH** its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings,** and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Thomas M. WHITTEMORE, David J. SMITH, Lucy WONG, Lourdes SCHEEL, Joyann HURTLE, Kevin TAUNTON, Eleanor SMITH, dated March 14, 2005.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 6th day of November, A.D. 2006.

ATTEST:                                                           **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**



*Gerald F. Haley*      Assistant Secretary      By: *Frank E. Martin Jr.*      Vice President

State of Maryland } ss:
City of Baltimore

On this 6th day of November, A.D. 2006, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came FRANK E. MARTIN JR., Vice President, and GERALD F. HALEY, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

*Dennis R. Hayden*      Notary Public
My Commission Expires: February 1, 2009

POA-F 093-4052

**EXTRACT FROM BY-LAWS OF FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

"Article VI, Section 2. The Chairman of the Board, or the President, or any Executive Vice-President, or any of the Senior Vice-Presidents or Vice-Presidents specially authorized so to do by the Board of Directors or by the Executive Committee, shall have power, by and with the concurrence of the Secretary or any one of the Assistant Secretaries, to appoint Resident Vice-Presidents, Assistant Vice-Presidents and Attorneys-in-Fact as the business of the Company may require, or to authorize any person or persons to execute on behalf of the Company any bonds, undertaking, recognizances, stipulations, policies, contracts, agreements, deeds, and releases and assignments of judgements, decrees, mortgages and instruments in the nature of mortgages,...and to affix the seal of the Company thereto."

**CERTIFICATE**

I, the undersigned, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that the Vice-President who executed the said Power of Attorney was one of the additional Vice-Presidents specially authorized by the Board of Directors to appoint any Attorney-in-Fact as provided in Article VI, Section 2, of the By-Laws of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this _3rd_ day of _April_, _2008_.

*Assistant Secretary*



# FIDELITY AND DEPOSIT COMPANY
## OF MARYLAND
3910 KESWICK ROAD, BALTIMORE, MD 21203

### Statement of Financial Condition
As Of December 31, 2006

#### ASSETS

| | |
|---|---:|
| Bonds | $ 150,563,710 |
| Stocks | 39,367,826 |
| Cash and Short Term Investments | 38,939,878 |
| Reinsurance Recoverable | 8,609,769 |
| Other Accounts Receivable | 25,762,452 |
| TOTAL ADMITTED ASSETS | $ 263,243,635 |

#### LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $ 625,582 |
| Ceded Reinsurance Premiums Payable | | 32,539,586 |
| Securities Lending Collateral Liability | | 35,322,207 |
| TOTAL LIABILITIES | | $ 68,487,375 |
| Capital Stock, Paid Up | $ 5,000,000 | |
| Surplus | 189,756,260 | |
| Surplus as regards Policyholders | | 194,756,260 |
| TOTAL | | $ 263,243,635 |

Securities carried at $33,209,464 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2006 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $261,193,375 and surplus as regards policyholders $192,706,000.

I, DAVID A. BOWERS, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2006.

_Corporate Secretary_

State of Illinios  
City of Schaumburg } SS:

Subscribed and sworn to before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 20th day of March, 2007.

_Notary Public_

OFFICIAL SEAL  
MARLO G SARABYN  
NOTARY PUBLIC - STATE OF ILLINOIS  
MY COMMISSION EXPIRES:11/25/07

<u>CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK
INSURANCE LAW</u>

STATE OF NEW YORK

INSURANCE DEPARTMENT

It is hereby certified that

Fidelity & Deposit Company of Maryland
of Baltimore, Maryland

a corporation organized under the laws of the State of Maryland and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $197,255,272.00(Capital $5,000,000.00) as is shown by its sworn financial statement for the year ended March 31, 2007 on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, this 18th day of July, 2007.

Eric R. Dinallo
Superintendent of Insurance

By *[signature]*

Salvatore Castiglione
Special Deputy Superintendent

http://www.ins.state.ny.us

# Disclosure Statement



Commercial Business - BO

## ZURICH AGENT/BROKER COMPENSATION DISCLOSURE

Dear Policyholder:

On behalf of Zurich, we are glad you have chosen us as your insurance company. We look forward to meeting your insurance needs and want you to understand clearly our business relationship with the agent or broker you chose to represent your company's interests in the placement of insurance coverages.

As is the case with many insurance companies in the United States, Zurich distributes many of its insurance products through agents or brokers. This means that your agent or broker is not employed by Zurich and, in fact, may represent many insurance companies. Because we do not employ your agent or broker, the way they are compensated may vary. We recommend you discuss these arrangements with your agent or broker.

Like many other insurers, when Zurich compensates your agent or broker, they **may** receive two types of payments. The first type of compensation is known as "base commission," and the second is called "contingent compensation."

For an explanation of the nature and range of compensation Zurich may pay to your agent or broker in connection with your business, please go to **http://www.zurichna.com**. Click on the information link located on the Agent/Broker Compensation Disclosure section. Where appropriate, insert the Access Code provided below, and you will be able to view this information. Alternatively, you may call (877) 347-6465 to obtain this type of information.

Thank you.

Access Code: 2016074473

**ZURICH**

# THIS IMPORTANT DISCLOSURE NOTICE IS PART OF YOUR BOND

We are making the following informational disclosures in compliance with The Terrorism Risk Insurance Act of 2002. No action is required on your part.

### Disclosure of Terrorism Premium

The premium charge for risk of loss resulting from acts of terrorism (as defined in the Act) under this bond is $ __waived__ ✓. This amount is reflected in the total premium for this bond.

### Disclosure of Availability of Coverage for Terrorism Losses

As required by the Terrorism Risk Insurance Act of 2002, we have made available to you coverage for losses resulting from acts of terrorism (as defined in the Act) with terms, amounts, and limitations that do not differ materially as those for losses arising from events other than acts of terrorism.

### Disclosure of Federal Share of Insurance Company's Terrorism Losses

The Terrorism Risk Insurance Act of 2002 establishes a mechanism by which the United States government will share in insurance company losses resulting from acts of terrorism (as defined in the Act) after a insurance company has paid losses in excess of an annual aggregate deductible. For 2002, the insurance company deductible is 1% of direct earned premium in the prior year; for 2003, 7% of direct earned premium in the prior year; for 2004, 10% of direct earned premium in the prior year; and for 2005, 15% of direct earned premium in the prior year. The federal share of an insurance company's losses above its deductible is 90%. In the event the United States government participates in losses, the United States government may direct insurance companies to collect a terrorism surcharge from policyholders. The Act does not currently provide for insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.

### Definition of Act of Terrorism

The Terrorism Risk Insurance Act defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:
1. to be an act of terrorism;
2. to be a violent act or an act that is dangerous to human life, property or infrastructure;
3. to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of title 49, United 17 States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and
4. to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

**These disclosures are informational only and do not modify your bond or affect your rights under the bond.**

Copyright Zurich American Insurance Company 2003

-0050749.doc